# IN THE COURT OF APPEALS OF IOWA

No. 20-0783
Filed August 19, 2020

**IN THE INTEREST OF L.W.,**
**Minor Child,**

**A.W., Mother,**
    Appellant.

_____

Appeal from the Iowa District Court for Polk County, Rachael E. Seymour, District Associate Judge.

A mother appeals the termination of her parental rights to her infant daughter. **AFFIRMED.**

Lisa A. Allison of Allison Law Firm, LLC, Des Moines, for appellant mother.

Thomas J. Miller, Attorney General, and Ellen Ramsey-Kacena, Assistant Attorney General, for appellee State.

ConGarry D. Williams of Juvenile Public Defender, Des Moines, attorney and guardian ad litem for minor child.

Considered by Vaitheswaran, P.J., and Tabor and Schumacher, JJ.

**SCHUMACHER, Judge.**

A mother appeals the termination of her parental rights to L.W., her infant child. On appeal, the mother contends the district court erred when it found the mother lacked the ability or willingness to respond to services that would correct the situation and that a period of rehabilitation would not correct the situation, the third and fourth elements of Iowa Code section 232.116(1)(g) (2020). The mother also argues an additional six months' time for reunification efforts should have been granted.

### I.      Facts and Prior Proceedings.

L. W. is a nine-month-old child, born in May 2019. L.W. came to the attention of the Iowa Department of Human Services (IDHS) at birth due to the mother's intellectual disabilities, unresolved mental-health issues, and prior termination proceedings regarding two other children. L.W. was removed from her mother's care when she was only five days old, it being determined that the mother was unable to meet her own needs and the needs of newborn L.W.

An uncontested adjudication hearing was held on July 2, 2019, with the district court determining L.W. was a child in need of assistance pursuant to Iowa Code section 232.2(6)(c)(2) and (n) (2019). A dispositional hearing was held on September 12, 2019, at which time paternity to L.W. was confirmed. L.W.'s biological father was on the sex offender registry. Just prior to the dispositional hearing, L.W.'s father was sentenced for failure to comply with the sex offender registry, second or subsequent offense. An indeterminate five-year term of imprisonment was suspended and he was placed on probation.

A permanency hearing was held on December 12, 2019. Following hearing, the court directed a termination petition be filed with respect to L.W. L.W. remained out of parental custody, with fully supervised visits for the parents. There was never a trial home placement. The termination hearing was held over a period of two days in March 2020. Following hearing, the court terminated both the mother and father's parental rights.[1]

Throughout the prior termination proceedings in 2014 and 2018, the mother struggled to recognize unsafe relationships and struggled to parent with her intellectual disability. The same issues presented concerning L.W. The mother became involved with L.W.'s father, although aware that he was a registered sex offender. While she testified she was not currently in a relationship with him, she acknowledged it was only because he decided to "go back to his wife." L.W.'s father was quickly replaced with the mother's current boyfriend, who has a criminal history that involves an assault on a child. The mother expressed that her boyfriend was "safe," as he told her the criminal matter was an accident. While the relationship with him ended briefly due to his involvement with another female, the mother allowed him to move into her home in December 2019 against the advice of her therapist after he convinced the mother that another female kidnapped him, precipitating his short absence. Although he has never met L.W., the mother is confident he could help her take care of L.W.

---

[1] At the time of the termination hearing, the father was in custody for his sixth violation of the sex offender registry and a probation violation. He participated by phone on the first day of the termination hearing but declined to participate on the second day. He does not appeal.

The mother suffers from intellectual disabilities that have interfered with her parenting; she herself is subject to a guardianship. I.Q. testing completed in 2014 reflected an I.Q. of 61, placing her in the range of a mild intellectual disability. While she was ordered to complete a psychological evaluation since the time of L.W.'s adjudication, she failed to complete such until December 2019. Because of the delay in completion, the report following the evaluation was not available at the termination hearing. During visits, which have remained fully supervised, the mother would need prompting for basic parenting skills, such as how to make a bottle. While she attended counseling, she revoked her release to IDHS so that her counselor could not share information with the case manager.

## II. Analysis.

Terminations follow a three-step analysis. *In re P.L.*, 778 N.W.2d 33, 40 (Iowa 2010). First, the juvenile court must decide if the State proved one of the enumerated grounds in section 232.116(1) (2020). *Id.* Second, the court must consider if termination is in the best interests of the child by applying the factors in section 232.116(2). *Id.* Third, if the factors require termination, the court must see if any circumstances in section 232.116(3) compel it to forego termination. *Id.* at 41. "The factors weighing against termination in section 232.116(3) are permissive, not mandatory." *In re D.S.*, 806 N.W.2d 458, 474–75 (Iowa Ct. App. 2011). The court may exercise its discretion in deciding whether to apply the factors in section 232.116(3) to save the parent-child relationship based on the unique circumstances of each case and the best interests of the child. *In re A.M.*, 843 N.W.2d 100, 113 (Iowa 2014).

## A. Statutory Ground Supporting Termination

When the court terminates a parent's rights on more than one statutory ground, we may affirm if any of the grounds cited are supported by clear and convincing evidence. *In re D.W.*, 791 N.W .2d 703, 706 (Iowa 2010). The district court terminated the mother's parental rights pursuant to Iowa Code section 232.116(1)(g) and (h). The mother does not challenge termination under 232.116(1)(h).

Accordingly, we begin by acknowledging that a parent's intellectual disability "alone is not sufficient grounds for termination." *A.M.*, 843 N.W.2d at 111. (quoting *D.W.*, 791 N.W.2d at 708). But it can be a relevant consideration when it affects the child's well-being. *Id.* Here, the mother's intellectual disability contributed to her inability to recognize unsafe individuals and affected her ability to provide basic parenting skills.

The unchallenged ground requires that the child be three years of age or less at the time of the termination hearing; has been adjudicated a child in need of assistance; has been out of the parents' custody for six of the last twelve months, or the last six consecutive months and any trial period was less than thirty days; and cannot be returned to the parent's custody at the present time. We affirm the termination on the unchallenged ground, section 232.116(1)(h), as L.W. was nine months old at the termination hearing. She was removed from her mother's custody when she was only five days old. L.W. was adjudicated to be a child in need of assistance and remained out of parental custody since the initial removal. The record supports the finding that the child could not be returned to her mother's care at the time of the termination hearing, which is not challenged by the mother

on appeal. While it is clear that the mother loves L.W. and desires to parent her baby, clear and convincing evidence supports termination of the mother's parental rights under section 232.116(1)(h). We affirm termination pursuant to this unchallenged statutory ground for termination.

## B. Iowa Code Section 232.104(2)(b)

The mother requests additional time for reunification, which we infer as an invocation to apply Iowa Code section 232.104(2)(b).[2] This statutory provision allows the juvenile court to "[e]nter an order pursuant to section 232.102 to continue placement of the child for an additional six months at which time the court shall hold a hearing to consider modification of its permanency order." Iowa Code § 232.104(2)(b). "An order entered under this paragraph shall enumerate the specific factors, conditions, or expected behavioral changes which comprise the basis for the determination that the need for removal of the child from the child's home will no longer exist at the end of the additional six-month period." *Id.*; *In re H.L.*, No. 14-0708, 2014 WL 3513262, at *3 (Iowa Ct. App. July 16, 2014).

The record is devoid of evidence that additional time or additional services which could comprise the basis for the determination that the need for removal of the child from the child's home will no longer exist at the end of the additional six-month period. The mother has been involved with IDHS for a period spanning over five years. Even with the services provided, the mother has been unable to recognize the danger her choices in relationships present to the child. She further has not progressed beyond fully-supervised visits, with the provider needing to

---

[2] We infer this argument from the mother's briefing in regard to the challenged statutory ground for termination.

continue to provide prompting during the visits with regard to the child's basic needs.[3]

As noted by the district court, "[t]his child needs a long-term commitment from a parent to be appropriately nurturing, supportive of their growth and development, and who can meet their physical, mental, emotional and safety needs." The court further found that the mother has not demonstrated she was willing or able to fulfill this parental role. We agree. Given the length of time the mother has been involved with IDHS and the extent of services, we cannot find that the need for removal would be resolved in six months.

On appeal, the mother does not challenge the district court's best interest findings or the declination of the application of permissive exceptions to termination set forth in Iowa Code section 232.116(3). We, therefore, do not address the same.

### III.    Conclusion.

We affirm the juvenile court's order terminating the mother's parental rights under section 232.116(1)(h). An additional six months will not resolve the need for removal from parental care.

**AFFIRMED.**

---

[3] At nine-months, L.W. is completely non-verbal and may need additional services.